GRAHAM, *et ux. vs.* YATES and MYERS's Heirs *et al.*

1824.
JUNE.

Graham
vs
Yates and Myers

The complainant's bill alleged a contract for the whole of a square of ground, payment of the purchase money, and possession under the contract. The defendant's answer denied the contract as to the whole square, but admitted it as to a part; and also denied payment of the purchase money, and possession of the whole square—*Decreed*, that on payment of the whole purchase money, and interest, the defendant should convey the part of the square.

APPEAL from the court of chancery. This bill was brought to compel *Thomas Yates*, and his trustees, to convey to the complainants a square of ground called *Hampstead Hill*, in the city of *Baltimore*, upon an alleged contract by *Charles Myers*, the father of *Matilda Grahame*, the female complainant, of whom she is the only child and heir. The bill asserts the payment of the money, and that in pursuance of the contract, *Charles Myers* took possession of the property in 1797, and improved and lived upon it until his death in 1806, and that it has been in possession of the complainants ever since. The answers denied the contract as to the whole square, but admitted it as to part, viz. a part called *Stephen Stuard's* part; and denied the payment of the purchase money, and possession in *Charles*, and the complainants, of the whole. The trustees of *Yates*, and the heirs of *Jacob Myers*, were willing to convey the admitted part, on receiving the purchase money and interest. The trustees of *Yates* claimed the residue of the square as part of *Yates's* estate. The heirs of *Jacob Myers* claimed it as part of *Jacob Myers'* estate. It would be impracticable to give a clear or specific view of the grounds of these pretences of title, by the respective defendants, without giving a voluminous detail of facts. The claim of the heirs of *Jacob Myers* involved the consideration, how far certain judgments and sales by *fieri facias*, and recovery in ejectment, and sales under a decree in chancery, were competent to divest the title of *Jacob Myers*.

KILTY, Chancellor, decreed a conveyance for *Stephen Stuard's* part only, and that on payment of the whole purchase money and interest. From which decree the complainants appealed to this court.

The cause was argued before BUCHANAN, Ch. J. EARLE, MARTIN, and STEPHEN, J.

*Taney* and *R. Johnson*, for the Appellants, contended, 1. That the judgments and sales by *fieri facias*, and recovery in ejectment, and sales under the decree in chancery, did divest the title of *Jacob Myers*. 2. That the proof supports the allegations in the bill of the purchase, the payment of the purchase money, the pursuant possession of the complainants, and *Charles Myers*, under whom they claim, and their title to have a decree for a conveyance.

1824.

Knott
vs
Digges

3. That the decree of the chancellor is erroneous, in requiring the payment of the whole purchase money, and limiting the conveyance only to part of the lot of ground.

*Harper, Magruder* and *Speed*, for the Appellees.

The opinion of the court was delivered by

BUCHANAN, Ch. J. It is the opinion of the court, that the leasehold interests arising out of the lease by *Bond to Tyson*, of the 6th of August 1780, are wholly extinguished; but we think, that on principles governing courts of chancery, the alleged contract between *Charles Myers* and *Thomas Yates*, which the complainants seek to have enforced, but which is denied by *Yates* in his answer, is not sustained to the extent claimed; we think too, that the payment of money, which is also denied in the answer of *Yates*, is not sufficiently proved.

The decree of the Chancellor is therefore affirmed without costs.

DECREE AFFIRMED.